**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DARLENE BENNETT,

          *Plaintiff*,

    v.

HOWARD LUTNICK,[1] *et al.*,

          *Defendants*.

Civil Action No. 24-2932 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

The Plaintiff Darlene Bennett was employed at the National Marine Fisheries Service, National Oceanic and Atmospheric Administration (NOAA) for fourteen years before her termination. She brings this action against various federal agencies to recover retirement benefits and certain retirement records. The Government moves to dismiss Ms. Bennett's action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief may granted. The Court grants that motion.

### BACKGROUND

#### A.    Factual Background

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). Because Ms. Bennett is proceeding pro se, the Court considers the Complaint "in light of all filings, including filings responsive to [the] motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up). The Court also takes "judicial notice

---

[1] Mr. Lutnick is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

of public records from other court proceedings." *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

Ms. Bennett is a former Program Support Specialist with NOAA, an agency within the Department of Commerce. Compl. at 8, ECF No. 1. She was terminated from her employment at NOAA on December 17, 2020, after fourteen years of federal service. Compl. at 13 ¶ 1. Shortly after her termination, on December 23, 2020, she sought benefits from the Federal Employees' Retirement System (FERS) and Thrift Savings Plan. Compl. at 13–14 ¶¶ 3, 8.

On March 22, 2021, Ms. Bennett "was informed that she would receive a check for $7109.23." Compl. at 14 ¶ 7. Between February and April 2021, Ms. Bennett also emailed the United States Office of Personnel Management (OPM) about her "Application for a Refund." Compl., Ex. C, at 11–22, ECF No. 1-2. OPM informed her that it was "processing [her] requested refund of [her] FERS contribution" and that she would receive a payment, *id.* at 12; Compl., Ex. G, ECF No.1-2—the amount she had paid into her retirement account during her employment, Compl. at 10. OPM made clear that it was providing only her "FERS contributions" and that Thrift Savings Plan contributions were handled by a "separate" entity. Compl., Ex. C, at 16.

After receiving her benefits payment, Ms. Bennett "disagree[d]" with the Government's calculation of her retirement benefits. Compl. 10. She alleges that she was "repeatedly told that her record was scrubbed before the records departed the Agency," and that she was never "provided a copy of the [record]" upon which her benefits determination was made. Compl. at 10, 14 ¶ 14. Ms. Bennett "has no idea what the total amount of retirement she is owed" or "what her vested portion or true employee contributions were before being terminated [in] December 2020." Compl. at 11, 14 ¶ 14. Nevertheless, she brings this action because she "disagrees" with the amount of the disbursements made by the Government. Compl. at 10.

## B.    Procedural Background

Ms. Bennett filed this action on October 13, 2024, against the Director of NOAA, the Secretary of the Department of Agriculture, the Director of OPM, and the Secretary of the Department of Commerce. Compl. at 2. She asks the Court to order "the appropriate agency [to] provide written documentation of [her] social security benefits[,]" and "a detailed benefits statement of all contributions" that she and the agency made "from the time of vested to termination." Compl. at 15–16. She also seeks a monetary award of "all her vested agency contributions along with all interest[,]" $250,000 in compensatory damages, $300,000 in damages for emotional distress, and punitive damages in an amount to be determined by a jury. Compl. at 4, 15–16. The Defendants move to dismiss this action for lack of subject-matter jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Mot. Dismiss, ECF No. 14. This motion is fully briefed and ripe for review. Opp'n, ECF No. 17;[2] Reply, ECF No. 24; First Surreply, ECF No. 25-1; Second Surreply, ECF No. 26-1.[3]

## LEGAL STANDARD

"A motion under Rule 12(b)(1) presents a threshold challenge to a court's [subject-matter] jurisdiction." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69

---

[2] Ms. Bennett filed both an Opposition, ECF No. 16, and an Errata containing a corrected version of the Opposition with formatting changes, ECF No. 17. In the absence of an objection from the Defendants, the Court considers the corrected Opposition as operative, ECF No. 17.

[3] Ms. Bennett's Motion for Leave to File a Surreply, ECF Nos. 25 & 26, is also fully briefed and ripe for review. *See* Surreply Opp'n, ECF No. 27, Surreply Reply, ECF Nos. 28-1 & 29-1. "The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the Court, and in making its decision, the Court considers whether the sur-reply is helpful to the adjudication of the motion . . . and whether the defendant will be unduly prejudiced if the court grants leave to allow the sur-reply." *Clendenny v. Architect of the Capitol*, 236 F. Supp. 3d 11, 17 n.2 (D.D.C. 2017) (cleaned up). The Court notes that Ms. Bennett filed two surreplies that raise different issues—although the second is marked "corrected," it is unclear if it is supplementing or replacing the earlier filing. *See* ECF Nos. 25-1 & 26-1. Regardless, the Court grants Ms. Bennett's motion as to both filings and has considered both surreplies in making its decision.

3

(D.D.C. 2022) (cleaned up). The plaintiff "bears the burden of proving by a preponderance of the evidence that the Court has subject-matter jurisdiction over her claims." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 69 (D.D.C. 2011) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). When evaluating a motion under Rule 12(b)(1), "the court may consider documents outside the pleadings to assure itself that it has jurisdiction." *Sandoval v. U.S. Dep't of Justice*, 322 F. Supp. 3d 101, 104 (D.D.C. 2018).

Under Rule 12(b)(6), a court must dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quotation omitted). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an "inference[] . . . unsupported by the facts set out in the complaint.'" *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citations omitted).

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted). "Although a pro se complaint must be construed liberally, the complaint must still present a claim on which the Court can grant relief to withstand a Rule 12(b)(6) challenge." *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (cleaned up).

## DISCUSSION

According to Ms. Bennett, "[t]he sole issues before the Court are" her claims against the Defendants for alleged "statutory violations [by] withholding vested retirement benefits and

4

records." Opp'n 8. Specifically, Ms. Bennett challenges the "withholding of her fully vested Agency contributions into her FERS, Thrift Savings Plan and Social Security" accounts, and the failure to provide certain records related to her retirement benefits. Compl. at 15. In seeking dismissal, the Government argues (1) that this suit is barred by federal sovereign immunity and (2) that Ms. Bennett's Complaint fails on the merits in any event. *See* Mot. Dismiss 7–12. The Court agrees that federal sovereign immunity bars Ms. Bennett's claims to disburse retirement benefits or disclose records unrelated to the federal Thrift Savings Program. The exclusive remedy for those claims is an administrative action that may ultimately be appealed to the Federal Circuit. The Court further finds that Ms. Bennett's Complaint fails to state a plausible claim to recover Thrift Savings Plan benefits. Accordingly, the Court grants the Motion to Dismiss.[4]

The doctrine of federal sovereign immunity provides that the federal government "may not be sued without its consent and that the existence of [such] consent is a prerequisite for jurisdiction" in a court of law. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The doctrine rests on the premise "that there can be no legal right [] against the authority that makes the law on which the right depends." *Kawananakoa v. Polyblank*, 205 U.S. 349, 353 (1907) (Holmes, J.). The doctrine bars suit either against the government itself or against government officers in their official capacity. *See Lewis v. Clarke*, 581 U.S. 155, 163 (2017).

Congress can waive federal sovereign immunity but only if such a waiver is "unmistakably clear in the language of [a] statute." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 49 (2024) (quoting *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 76 (2000)). A statute

---

[4] Although Ms. Bennett's Complaint alleges that she was the subject of employment discrimination and retaliation by NOAA, she clarified in her briefing (1) that she "does not challenge her termination or allege retaliation," (2) that her "claims are not based on ERISA," and (3) that "[t]his case is not an EEO matter, nor does it arise under Title VII." Opp'n 4, 7–8; *see also* First Surreply 7 (affirmatively waiving ERISA and retaliation claims).

purporting to waive immunity will be "strictly construed" with any "ambiguities" read in "favor of immunity." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up). For instance, even if a statute expressly waives immunity, courts will not "sustain" a money damages suit against the federal government unless the statute also "extend[s] unambiguously to [] monetary claims." *Id.*

There are "two situations" where courts have found statutes sufficiently clear to waive sovereign immunity. *Kirtz*, 601 U.S. at 49 (quoting *Fin. Oversight & Mgmt. Bd. for P.R. v. Centro De Periodismo Investigativo, Inc.*, 598 U.S. 339, 347 (2023)). First, when a statute's language makes "unmistakably clear" that "it is stripping immunity from a sovereign entity." *Id.* (cleaned up). Second, "when a statute creates a cause of action and explicitly authorizes suit against a government on that claim." *Id.* (cleaned up). If neither situation is present, the Court lacks subject-matter jurisdiction and must dismiss the suit. *See Kirtz*, 601 U.S. at 58 (recognizing jurisdiction must be authorized by a "clear statement in the text of the statute" (citation omitted)).

Here, Ms. Bennett argues that this Court has subject-matter jurisdiction because the suit "arises under federal question jurisdiction pursuant to 28 U.S.C. § 1331, as it involves violations of federal statutes" including "5 U.S.C. §§ 8401, 8410, 8412, 8432, 8461[;] 5 C.F.R. §§ 843.102, 843.202[;] Pub. L. 99-335 (FERS Act)." Opp'n 5. But "the federal question statute does not constitute a waiver of sovereign immunity." *Runnels v. FBI*, No. 25-cv-1202, 2025 WL 3089526, at *6 (D.D.C. Nov. 5, 2025) (characterizing *Swan v. Clinton*, 100 F.3d 973, 981 (D.C. Cir. 1996)). General grants of subject-matter jurisdiction, like 28 U.S.C. § 1331, do not waive immunity because their "statutory text . . . ma[k]e[s] no mention of the government." *See Kirtz*, 601 U.S. at 55. Rather, Ms. Bennett must show that her right to sue the federal government is "clearly evident from the language of [a] statute." *Kirtz*, 601 U.S. at 49 (quoting *FAA v. Cooper*, 566 U.S. 284, 290 (2012)). In her briefing, Ms. Bennett does identify two causes of action in the Federal

Employees' Retirement System Act that she says fit the bill—5 U.S.C. §§ 8461(e) and 8477. *See* First Surreply 7 (citing 5 U.S.C. § 8477); Second Surreply 2–3 (citing 5 U.S.C. § 8461(e)). The First, Section 8461, largely governs suits by federal employees for retirement benefits not included in the Thrift Savings Program. And the second, Section 8477, governs suits to enforce rights and recover benefits under the Thrift Savings Program itself. The Court addresses each of these provisions in turn.

### A.    Non-Thrift Savings Plan Benefits, 5 U.S.C. § 8461

Much of Ms. Bennett's Complaint challenges the withholding of non-Thrift Savings Plan benefits, *i.e.*, other benefits guaranteed by the FERS or social security. *See* Opp'n 5 (citing 5 U.S.C. §§ 8401, 8410, 8412, 8432, 8461; 5 C.F.R. §§ 843.102, 843.202; Pub. L. 99-335). The Federal Employees' Retirement System Act provides that "administrative action[s]" regarding those benefits "may be appealed" to the "Merit Systems Protection Board," which "shall adjudicate *all* claims" regarding those benefits. 5 U.S.C. § 8461(c), (e)(1) (emphasis added). "Judicial review of [the Merit Systems Protection Board's] decisions may then be sought only in the Federal Circuit." *See Eisenbeiser v. Chertoff*, 448 F. Supp. 2d 106, 109 (D.D.C. 2006) (citing 5 U.S.C. § 7703(b)(1)). This process is an "exclusiv[e] . . . remedial scheme," and courts have consistently held that it is the "only avenue for judicial review of retirement benefits determinations" by the federal government. *Id.* at 109, 112 (first citing *United States v. Fausto*, 484 U.S. 439 (1988); then citing *Lindahl v. OPM*, 470 U.S. 768 (1985); and then citing *Fornaro v. James*, 416 F.3d 63 (D.C. Cir. 2005)). Accordingly, pursuant to Section 8461, the "exclusive" remedy for Ms. Bennett's complaints about retirement benefits is before the "Merit Systems Protection Board" and then the Federal Circuit—not this Court. *Id.* Congress has only waived sovereign immunity through that "exclusive" scheme—so sovereign immunity bars this suit.

Ms. Bennett resists this conclusion by suggesting that the Merit Systems Protection Board would be unable to hear all her claims (*e.g.*, request for records). Second Surreply 3. But this argument misapprehends the doctrine of sovereign immunity. "To . . . sue the federal government, a plaintiff needs two keys"—a "cause of action" and a "waive[r] [of] sovereign immunity for the specific remedy." *Doe 1 v. United States*, 37 F.4th 84, 86 (3d Cir. 2022) (citations omitted). If a plaintiff lacks these metaphorical keys, she may not "unlock the courthouse door" another way. *Id.* The federal government enjoys an "exceptional freedom from legal responsibility" when Congress fails to specify in a statute how it can be sued. *Geo Grp. v. Menocal*, 146 S. Ct. 774, 784–85 (quoting *Keifer & Keifer v. Reconstruction Fin. Corp.*, 306 U. S. 381, 388 (1939)). And Ms. Bennett identifies no waiver of sovereign immunity permitting suit in this Court for claims related to her retirement benefits or retirement records. Accordingly, her claims must be dismissed.

### B.    Thrift Savings Plan Benefits, 5 U.S.C. § 8477

On the other hand, the Federal Employees' Retirement System Act does furnish Ms. Bennett with a cause of action to recover benefits and enforce rights under the Thrift Savings Plan. *See* 5 U.S.C. § 8477(e)(3). But her claim fails on the merits. *See* Fed. R. Civ. P 12(b)(6).[5]

The Thrift Savings Plan is an investment and "retirement savings account offered to federal employees" under the Federal Employees' Retirement System Act. *Evans v. Diamond*, 957 F.3d

---

[5] The Government argues that Ms. Bennett forfeited any arguments regarding the Thrift Savings Plan because she did not raise them in her Complaint and cannot use her Opposition to amend her Complaint. *See* Reply 11–12. The Court disagrees. A pro se plaintiff's pleadings "must be construed liberally." *Smith*, 44 F. Supp. 3d at 36 (cleaned up). And Ms. Bennett's Complaint expressly makes clear that she is seeking relief, in part, for actions related to her Thrift Savings Plan account. *See* Compl. at 10, 14–15. Nothing more was required—"a complaint need not assert legal theories, but rather must plead facts sufficient to support legal claims." *Chandler v. Berlin*, 691 F. Supp. 3d 118, 126 (D.D.C. 2023). Further, in the D.C. Circuit, a pro se plaintiff can "in effect, supplement h[er] complaint with the allegations included in h[er] opposition" and "the district court" must "consider all of h[er] allegations" even those in the opposition brief. *See Brown*, 789 F.3d at 152. So the Government's arguments carry little weight in this Circuit.

1098, 1099 (10th Cir. 2020) (quoting *In re Woody*, 494 F.3d 939, 945 n.4 (10th Cir. 2007)); *see also Wilkes v. Dep't of Veterans Affs.*, 644 F. App'x 1015, 1016 n.1 (Fed. Cir. 2016). The Plan offers a "deferred compensation" and employer contribution scheme "akin to a private sector . . . 401(k) plan." *Nowlin v. Thrift Sav. Plan*, No. 10-cv-134, 2010 WL 5174933, at *1 (D. Md. Dec. 15, 2010); *see also* 5 U.S.C. § 8432. Section 8477 of the Federal Employees' Retirement System Act both "provides a cause of action and waives immunity for suits" by plan participants and beneficiaries "to 'recover benefits' under the Thrift Savings Plan." *Doe 1*, 37 F.4th at 86. Unlike suits for other benefits, such actions must be brought in federal district court, not before the Merit Systems Protection Board. *See* 5 U.S.C. § 8477(e)(7).

The Government contends that Section 8477 does not help Ms. Bennett because it is limited to actions against plan fiduciaries, and she did not name those fiduciaries as Defendants. *See* Reply 12–13. It is true that the Defendants are not fiduciaries as that term is defined in Section 8477. *See* 5 U.S.C. § 8477(a)(3) (defining a "fiduciary" as "a member" or the "Executive Director" of the Federal Retirement Thrift Investment Board, any other "person who has or exercises discretionary authority or discretionary control over the management or disposition of the assets of the Thrift Savings Fund," or a plan fiduciary within the meaning of the Employee Retirement Income Security Act, 29 U.S.C. § 1002(21)(A), which includes certain investment advisors). It is also true that most of the remedies in Section 8477 are limited to actions against plan fiduciaries, *id.* § 8477(e)(3)(B), or for the acts of plan fiduciaries, *id.* § 8477(e)(3)(C)(ii). But the Government is not correct that Section 8477 is limited to actions against plan fiduciaries.

Importantly, Section 8477(e)(3)(C)(i) of the Act provides a cause of action "to recover benefits," "enforce any right," or "clarify any [] right to future benefits" under the Thrift Savings Plan. *Id.* § 8477(e)(3)(C)(i). Unlike the other provisions in Section 8477, this cause of action is not

9

limited to actions against plan fiduciaries. *Contrast id.* § 8477(e)(3)(B) (limiting remedy to actions "against any fiduciary"), *with id.* § 8477(e)(3)(C)(i) (containing no such limitation); *see also Doe 1*, 37 F.4th at 86–87 (holding the United States may be sued under Section 8477(e)(3)(C)(i) but only if the action seeks to "recover benefits"). And "[i]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." *BFP v. Resol. Tr. Corp.*, 511 U.S. 531, 537 (1994). Accordingly, the Court rejects the Government's contention that Section 8477's waiver of sovereign immunity is limited to suits against plan fiduciaries. *Cf.* 5 U.S.C. § 8477(e)(3)(C)(ii) (expressly waiving immunity for certain suits, not at issue here, "against the United States"). Nonetheless, the Court finds that Ms. Bennett's claim under Section 8477(e)(3)(C)(i) fails for two reasons.

First, the Court agrees with the Government that Section 8477(e)(3)(C)(i) "contains no explicit waiver of the government's sovereign immunity to actions for money damages." *Garcia v. United States*, 996 F. Supp. 39, 42 (D.D.C. 1998); *see* Reply 14 (citing *Natty v. Adm'r of Thrift Sav. Plans*, No. 2:22-CV-08926, 2023 WL 3852677, at *4 (C.D. Cal. June 5, 2023)). An action may be brought under Section 8477(e)(3)(C)(i) to "force [an agency] to contribute" to the Thrift Savings Plan. *Doe 1*, 37 F.4th at 88. But no cause of action exists for "damages flowing from" a failure to contribute in accordance with the statute's requirements. *Id.* at 87. Accordingly, Section 8477 does not permit Ms. Bennett to recover money damages in this action—so her money damages claims are dismissed for lack of subject-matter jurisdiction. *See* Compl. 15.

Second, Ms. Bennett's allegations are too speculative and conclusory to survive a Rule 12(b)(6) motion. "A *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers, but even it must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal

quotation marks omitted) (first quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); and then quoting *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681– 82 (D.C. Cir. 2009)). Ms. Bennett's Complaint largely rests on "anecdotal evidence" from an unknown party claiming that her records were scrubbed and her own "hypothetical[s]" for why her account balance is lower than she thinks it should be. *See Jianqing Wu v. Special Couns.*, No. 14-7159, 2015 WL 10761295, at \*2 (D.C. Cir. Dec. 22, 2015). Importantly, she does not "allege that [s]he is aware of any or a specific amount of unaccounted for [] funds" in her account. *Stephens v. Biden*, No. 3:23-cv-00817, 2024 WL 554274, at \*16 (D. Or. Jan. 26, 2024), *report and recommendation adopted*, 2024 WL 665177 (D. Or. Feb. 15, 2024). Ms. Bennett's claim thus hinges on mere speculation regarding the Government's conduct, which is not "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jianqing Wu*, 2015 WL 10761295, at \*1 (quoting *Iqbal*, 556 U.S. at 678). So Ms. Bennett also fails to state a claim because her pleadings do not "raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

*    *    *

Because sovereign immunity bars Ms. Bennett from raising her claims for non-Thrift Savings Plan retirement benefits in this Court, the Court dismisses these claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Sovereign immunity also bars Ms. Bennett from seeking monetary damages under 5 U.S.C. § 8477, so the Court dismisses her Thrift Savings Plans claims for monetary damages under Rule 12(b)(1). And because Ms. Bennett otherwise failed to state a claim upon which relief can be granted under 5 U.S.C. § 8477, the Court dismisses the remaining Thrift Savings Plan claims under Rule 12(b)(6).

11

## CONCLUSION

For these reasons, the Court grants the Government's motion to dismiss, ECF No. 14. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   March 31, 2026

12